IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE JAMES DANIELS, | ) | |
| # 118348, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.1:08cv815-TMH |
| | ) | (WO) |
| GARY HETZEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed on May 6, 2008, by state inmate Willie James Daniels ("Daniels"). By his petition, Daniels challenges his guilty plea conviction for first-degree escape entered against him in February 1998 by the Circuit Court of Coffee County, Alabama. Daniels was sentenced to a term of 40 years in prison.

The respondents have filed an answer in which they argue that Daniels's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because the conviction that Daniels challenges became final in 1998 – after the effective date of the statute of limitations – Daniels must have filed his § 2254 petition within a year of the conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition related to the

---

[1] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

conviction was pending in the state courts. The respondents observe that Daniels challenged his conviction and sentence through two state post-conviction petitions – the first filed in August 2007and the second in November 2007. However, the respondents maintain that these state proceedings had no effect on the running of the federal limitation period in 28 U.S.C. § 2244(d)(1), as they were initiated well after the federal limitation period expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Daniels's§ 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Daniels, who pled guilty, was convicted in the Circuit Court of Houston County on February 5, 1998. He was sentenced that same day. He did not file a direct appeal of his conviction or sentence. Because he failed to undertake the direct appeal process, his conviction became final on March 19, 1998 (forty-two days after imposition of sentence), as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date and ran uninterrupted until it expired on March 19, 1999.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  By the time Daniels filed his state post-conviction petitions challenging his convictions (the first was filed in August 2007, and the second was filed in November 2007) the time allowed Daniels for the filing of a timely federal habeas petition had long since expired.  Thus, these state proceedings could have no tolling effect on the running of the federal limitations period.  *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333 & 1335 n.4.

Under the circumstances of this case as outlined in this order, it appears that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired well before Daniels filed the instant habeas petition under § 2254.  Accordingly, it is

**ORDERED that on or before October 29, 2008**, Daniels shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 9th day of October, 2008.

                                          /s/Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      CHIEF UNITED STATES MAGISTRATE JUDGE